IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
NO. 4:11-CR-59-1H
NO. 4:12-CV-216-H

TERRANCE LEVON JONES,

    Petitioner,

v.

                                   **ORDER**

UNITED STATES OF AMERICA

    Respondent.

This matter is before the court on the government's motion to dismiss petitioner's motion to vacate filed pursuant to 28 U.S.C. § 2255. Petitioner has responded to the motion to dismiss, and this matter is ripe for adjudication.

In June 7, 2011, petitioner was indicted on five drug counts. Petitioner pled guilty to Count One, conspiracy to distribute and possess with intent to distribute 28 grams or more of cocaine base (crack) and a quantity of cocaine, on September 14, 2011, pursuant to a written plea agreement. At sentencing, this court found petitioner to be a career offender and sentenced petitioner to 188 months' imprisonment on Count One, a sentence at the bottom of the calculated guideline range.

Counts Two through Five were dismissed pursuant to the plea agreement. Petitioner did not appeal.

On September 17, 2012, petitioner filed the instant motion to vacate alleging that his counsel was ineffective for failing to argue petitioner's prior conviction, in Lenoir County Superior Court for conspiracy to sell cocaine, does not support the career offender classification.

To the extent that petitioner relies on United States v. Simmons, such reliance is misplaced as his challenged North Carolina felony conviction was a Class G felony offense that does qualify as a predicate offense for purposes of career offender status. United States v. Simmons, 649 F.3d 237 (4th Cir. 2011) (en banc).

Pursuant to Strickland v. Washington, 466 U.S. 668 (1984), petitioner must show that counsel's performance was deficient in that it fell below the standard of reasonably effective assistance. Id. at 687-91. The record shows counsel objected to petitioner's designation as a career offender on the same basis that petitioner asserts, and the court overruled that objection. Therefore, petitioner cannot show his counsel was ineffective on this issue. Thus, petitioner's ineffective assistance of counsel argument fails.

For the foregoing reasons, the government's motion to dismiss is GRANTED [DE #63], and petitioner's motion to vacate is DENIED [DE #60]. The clerk is directed to close this case.

A certificate of appealability shall not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2) (2000). A petitioner satisfies this standard by demonstrating that reasonable jurists would find that an assessment of the constitutional claims is debatable and that any dispositive procedural ruling dismissing such claims is likewise debatable. Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000); Rose v. Lee, 252 F.3d 676, 683-84 (4th Cir. 2001). A reasonable jurist would not find this Court's dismissal of petitioner's § 2255 motion debatable. Therefore, a certificate of appealability is DENIED.

This 3rd day of April 2014.

Malcolm J. Howard
Senior United States District Judge

At Greenville, NC
#33

3