```
         IN THE UNITED STATES DISTRICT COURT
       FOR THE EASTERN DISTRICT OF NORTH CAROLINA
                    EASTERN DIVISION
                   NO. 4:11-CR-59-1H
```

UNITED STATES OF AMERICA,  )
                           )
                           )
                           )
     v.                    )
                           )          **ORDER**
                           )
TERRANCE LEVON JONES,      )
                           )
     Defendant.            )

This matter is before the court on defendant's motion for a sentence reduction pursuant to Section 404 of the First Step Act [DE #98] as well as defendant's motion for compassionate release [DE #105]. Counsel was appointed under the Standing Order, 19-SO-3, as to the § 404 motion, but subsequently moved to withdraw after the compassionate release motion was filed. Counsel indicated having reviewed both motions prior to moving to withdraw. The court granted the motion to withdraw on September 24, 2020 [DE #106]. Since that time, defendant has filed two motions to appoint counsel [DE #107, #108].

Defendant was indicted on June 7, 2011 on five drug counts. He pled guilty to Count One, conspiracy to distribute and possess with intent to distribute 28 grams or more of cocaine base (crack) and a quantity of cocaine, on September 14, 2011, pursuant to a

written plea agreement. At sentencing, petitioner was found to be a career offender and sentenced to 188 months' imprisonment on Count One, a sentence at the bottom of the guideline range.

## I. § 404 Motion

The First Step Act of 2018 ("First Step Act") makes certain provisions of the Fair Sentencing Act of 2010 retroactively applicable to defendants sentenced prior to its enactment. Pub. L. No. 115-391, § 404, 132 Stat. 5194, 5222. Section 404 of the First Step Act provides that "[a] court that imposed a sentence for [certain offenses involving cocaine base] may ... impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act of 2010 ... were in effect at the time the covered offense was committed." Id. § 404(b). Here, defendant was sentenced in 2012 with the guidelines calculated using the 2011 Guideline Manual. He was sentenced after the enactment of the Fair Sentencing Act. Therefore, section 404 of the First Step Act does not apply to defendant, and defendant's motion for a reduction is DENIED.

## II. Motions to Appoint Counsel

Turning to defendant's motions to appoint counsel, there is no general constitutional right to appointed counsel in post-conviction proceedings. See Pennsylvania v. Finley, 481 U.S. 551, 555 (1987); United States v. Williamson, 706 F.3d 405, 416 (4th Cir. 2013). The court has discretion to appoint counsel in

2

proceedings under 18 U.S.C. § 3582(c) if the interests of justice so require. See United States v. Legree, 205 F.3d 724, 730 (4th Cir. 2000); see also United States v. Reed, 482 F. App'x 785, 786 (4th Cir. 2012); cf. 18 U.S.C. § 3006A(a)(2)(B) (providing interests of justice standard for appointment of counsel in similar post-conviction proceedings). Here, defendant had counsel appointed under the standing order who reviewed his compassionate release motion prior to withdrawal. Defendant has not established the interests of justice require appointment of additional counsel in this matter.

**III.    Compassionate Release Motion**

Defendant seeks a reduction in his sentence to time served pursuant to 18 U.S.C. § 3582(c)(1)(A)(i), as amended by the First Step Act of 2018 ("First Step Act").[1] That statute provides in relevant part:

The court may not modify a term of imprisonment once it has been imposed except that—

(1) in any case—

(A)   the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment ..., after considering the factors set forth in section 3553(a) to the extent that

>     they are applicable, if it finds that—
>
>     (i) extraordinary and compelling reasons warrant such a reduction ...
>
> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission[.]

18 U.S.C. § 3582(c).

The Sentencing Commission has not issued a policy statement applicable to motions filed by defendants under this statute. United States v. McCoy, 981 F.3d 271, 275 (4th Cir. 2020). "[A]s a result, district courts are 'empowered ... to consider any extraordinary and compelling reason for release that a defendant might raise.'" Id. at 284 (citation omitted).

In deciding whether a sentence reduction is appropriate, the court must also consider the applicable § 3553(a) factors. 18 U.S.C. § 3582(c)(1)(A).

> These factors include: "(1) [Defendant's] personal history and characteristics; (2) his sentence relative to the nature and seriousness of his offense; (3) the need for a sentence to provide just punishment, promote respect for the law, reflect the seriousness of the offense, deter crime, and protect the public; (4) the need for rehabilitative services; (5) the applicable guideline sentence; and (6) the need to avoid unwarranted sentencing disparities among similarly-situated defendants."

United States v. Adona, No. CR PX-17-345, 2020 WL 4338889, at *2 (D. Md. July 28, 2020) (citation omitted) (alteration in original).

4

Defendant has not demonstrated that he exhausted administrative remedies prior to filing the instant motion. Indeed, the motion fails to even mention the administrative exhaustion requirement. Defendant additionally fails to establish extraordinary and compelling reasons for a reduced sentence. The presence of COVID-19 in the federal prison system standing alone does not justify compassionate release. See United States v. Raia, 954 F.3d 594, 597 (3d Cir. 2020). Further, defendant fails to establish that he is particularly susceptible to complications arising from the virus. United States v. May, No. 5:08-CR-331-1FL, 2020 WL 2497706, at *2 (E.D.N.C. May 14, 2020). Defendant is currently 35 years old with a projected release date of September 20, 2024. Nothing in his PSR indicates he has any known health problems, and none have been brought to the court's attention via his compassionate release motion.

Therefore, the compassionate release motion is denied without prejudice.

## CONCLUSION

For the foregoing reasons, defendant's motion for reduction pursuant to § 404 of the First Step Act is DENIED [DE #98], defendant's motions for appointment of counsel are DENIED [DE #107,

5

#108], and defendant's motion for compassionate release [DE #105] is DENIED WITHOUT PREJUDICE.

This 28th day of April 2021.

_____
Malcolm J. Howard
Senior United States District Judge

At Greenville, NC
#26